CLD-245                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4587
_____

JAMES MURRAY,
a/k/a James Hines,
                              Appellant

v.

HONORABLE JUSTICES OF THE SUPREME COURT OF
SOUTH CAROLINA; AMERICAN BAR ASSOCIATION;
PENNSYLVANIA BAR ASSOCIATION; SOUTH
CAROLINA BAR ASSOCIATION;  BARBARA B.
SAUNDERS, Assistant Ethics Counsel, Virginia State Bar;
DISCIPLINARY HEARING (D.H.O.), B. Chambers
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 13-cv-02838)
District Judge: Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2014

Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: May 8, 2014)
_____

OPINION
_____

PER CURIAM

Appellant James Murray, a Pennsylvania state prisoner, appeals from an order of the District Court dismissing his habeas corpus petition, 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Initially, Murray filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania, D.C. Civ. No. 12-cv-02384, challenging an August 17, 2012 decision of the South Carolina Supreme Court denying his request to continue providing legal services to fellow inmates. (Murray describes himself as a "jailhouse lawyer" but he is not licensed to practice law.) Murray sought a declaratory judgment and ruling that South Carolina's ban on the unauthorized practice of law is unconstitutional. In December, 2012, the District Court dismissed the complaint under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B), on the ground that Murray's complaint was based on an indisputably meritless legal theory. Murray's appeal to this Court was dismissed for failure to pay the filing fee on July 8, 2013, see C.A. No. 12-4522.

In November, 2013, Murray filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the Middle District, again challenging South Carolina's ban on his unauthorized practice of law. He also challenged an opinion from counsel for the Virginia State Bar Association advising him that his work on behalf of fellow inmates in Virginia would be considered the unauthorized practice of law. In the main, Murray wished to provide legal assistance to fellow inmates in Virginia, South Carolina, and Pennsylvania and feared that he would be prosecuted for assisting inmates. After careful consideration of the petition, the District Court dismissed it as meritless, finding that Murray had not

2

challenged the fact or duration of his confinement, as required to state a cognizable habeas corpus claim.

Murray appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised him that the appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Murray has submitted several written responses.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We agree with the District Court that habeas corpus review is available only where the deprivation of constitutional rights impacts the fact or length of the prisoner's detention, Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Murray's claims do not meet this test. He did not claim entitlement to a speedier release from custody, nor was he challenging the legality of his present incarceration. Moreover, although section 2241 allows a prisoner to challenge the execution of his sentence, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), Murray did not contend that he had been sanctioned to a loss of good conduct time as a result of his having acted as a jailhouse lawyer. In short, Murray's claim, if successful, would not result in his speedier release from custody; it thus does not lie at "the core of habeas corpus." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). See also Leamer, 288 F.3d at 542-44. Murray's habeas corpus petition was properly dismissed because habeas corpus is not an available or appropriate remedy for his claims.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Murray's habeas corpus petition. Murray's motion to appeal and present oral argument personally on motions for summary reversal and remand, is denied.